2015 ND 279

**Rodney CHISHOLM, Petitioner and Appellant**

v.

**STATE of North Dakota, Defendant and Appellee.**

No. 20150099.

Supreme Court of North Dakota.

Dec. 1, 2015.

Nicholas D. Thornton, Fargo, N.D., for petitioner and appellant.

M. Jason McCarthy (argued) and Meredith H. Larson (appeared), Assistant State's Attorneys, Grand Forks County State's Attorney's Office, Grand Forks, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Rodney Chisholm, convicted of murder in 2011, appeals from a district court order denying his application for post-conviction relief requesting a new trial, arguing the district court erred in denying his application. He claims his counsel was ineffective and argues the district court erred in failing to address all of the issues he raised post-conviction. We conclude the district court's decision to deny Chisholm post-conviction relief was supported by the evidence, and we affirm the district court's order.

I

[¶ 2] In 2011, Chisholm was convicted of the murder of his brother and was sentenced to 30 years' imprisonment. Chisholm appealed, and his conviction was affirmed. *State v. Chisholm,* 2012 ND 147, 818 N.W.2d 707.

[¶ 3] In 2013, Chisholm, on his own, applied for post-conviction relief, claiming

ineffective assistance of counsel. He claimed his attorney, Steven Light, failed to present evidence about the victim's recent prior bad acts, his attorney had a drug addiction problem which affected his representation during the trial and the appeal, his attorney failed to challenge the admission of his confession, his attorney failed to adequately challenge the search of his property, and his attorney failed to object to instances of prosecutorial misconduct. The district court summarily dismissed Chisholm's application. On appeal, we concluded the district court erred in summarily dismissing the application, and reversed and remanded for further proceedings. *Chisholm v. State*, 2014 ND 125, 848 N.W.2d 703.

[¶ 4] On remand, Chisholm filed an amended brief setting forth five issues regarding his ineffective assistance of counsel claim. After an evidentiary hearing, the district court denied post-conviction relief.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 29–32.1–03. The appeal was timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

## II

[¶ 6] On appeal, Chisholm argues the district court erred in denying his application for post-conviction relief. He claims his counsel was ineffective because (1) he failed to challenge Chisholm's confession at trial, which he claims was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); (2) he failed to raise or present the *Miranda* issue for this Court's review on appeal; (3) he failed to present expert testimony regarding Chisholm's psychological condition and state of mind at trial; (4)

he did not adequately advise Chisholm on lesser included offenses; and (5) he failed to investigate and present evidence at trial of the victim's drug use. Chisholm further argues the district court erred in failing to address all of the issues raised in his application.

### A

[¶ 7] " 'Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure.' " *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900). The petitioner bears the burden of establishing grounds for post-conviction relief. *Moore v. State*, 2007 ND 96, ¶ 8, 734 N.W.2d 336. "The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Wilson v. State*, 2013 ND 124, ¶ 9, 833 N.W.2d 492. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made. *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247.

[¶ 8] In *Roth v. State*, 2007 ND 112, ¶¶ 7–9, 735 N.W.2d 882 (citations omitted), we summarized the petitioner's burden in a post-conviction claim of ineffective assistance of counsel:

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. In order to prevail on a post-conviction claim of ineffective assistance, the petitioner bears a heavy burden. The petitioner must prove that (1) counsel's representation fell below an objective standard of reasonableness,

and (2) the petitioner was prejudiced by counsel's deficient performance.

As to the first prong, the petitioner must overcome the strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. An attorney's performance is measured considering the prevailing professional norms. In assessing the reasonableness of counsel's performance, courts must consciously attempt to limit the distorting effect of hindsight. Courts must consider all the circumstances and decide whether there were errors so serious that defendant was not accorded the "counsel" guaranteed by the Sixth Amendment.

In order to meet the second prong, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The petitioner must prove not only that counsel's representation was ineffective, but must specify how and where counsel was incompetent and the probable different result. If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed. Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, which is fully reviewable on appeal. *Samburksy v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247.

### B

[¶ 9] Chisholm specifically claims his trial and appellate counsel, Steven Light, was deficient in five different ways. Because of Light's alleged ineffective assistance, Chisholm argues he was prejudiced.

### 1

[¶ 10] Chisholm first argues that Light failed to challenge his confession and failed to raise the issue on appeal. He alleges the confession was obtained in violation of *Miranda*, and that a motion to suppress the confession would have been successful. To support this argument, Chisholm claims statements he made to the detectives during his interrogation such as "I think we're at the end" and "[s]o are we all done for today?" and "[p]ut the bad guy back in the cell" were a clear, unambiguous assertion of his right to silence. Therefore, he claims Light's failure to file a motion to suppress his subsequent confession was deficient and prejudiced him. The U.S. Supreme Court has stated, "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious...." *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

[¶ 11] Prior to any custodial interrogation, a suspect must be advised that he has the right to remain silent, that any statement he makes can be used against him, and that he has the right to have an attorney present during any questioning. *Miranda v. Arizona*, 384 U.S. 436, 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). To cease all questioning, a suspect must invoke his *Miranda* rights clearly and unambiguously. *State v. Pederson*, 2011 ND 155, ¶ 19, 801 N.W.2d 723. If a suspect makes a statement regarding his rights that is unclear, the police are not required to cease questioning. *Id.* The Supreme Court has found strong policy behind this clear articulation rule:

> There is good reason to require an accused who wants to invoke his or her right to remain silent to do so unambiguously. A requirement of an unambiguous invocation of *Miranda* rights results in an objective inquiry that avoids difficulties of proof and provides guidance to

officers on how to proceed in the face of ambiguity. If an ambiguous act, omission, or statement could require police to end the interrogation, police would be required to make difficult decisions about an accused's unclear intent and face the consequence of suppression if they guess wrong.

*Berghuis v. Thompkins*, 560 U.S. 370, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010) (internal quotations omitted).

[¶ 12] The district court heard testimony at the evidentiary hearing from Detective Michael Ness regarding Chisholm's questioning and confession. Ness testified he informed Chisholm of his *Miranda* rights roughly five times throughout the interviews. He also testified the other agent participating in the questioning became upset with him for frequently asking Chisholm whether he was comfortable speaking with them. Ness testified Chisholm never unambiguously demanded an attorney, nor did he state that he wished to remain silent. Furthermore, Chisholm himself admitted during cross-examination that his initial confession was not to law enforcement, but rather to his brother. He admitted law enforcement was not present for this confession, and it was only after this confession to his brother that he also confessed to the detectives.

[¶ 13] After hearing this testimony and reviewing the transcripts of the interviews with Chisholm, the district court found there was no indication Chisholm misunderstood his *Miranda* rights or ever clearly or unambiguously indicated he wished to cease questioning. We agree that Chisholm did not unequivocally invoke his constitutional rights to counsel or silence. His inquiries about being done for the day, going in circles in discussion, and being "at the end" were, at best, ambiguous. His comment about putting the bad guy back in the cell was also unclear, as he

continued to respond to the officer's questions. Chisholm never explicitly said he wanted to remain silent or did not want to speak with the police. He also never stated he wished to speak to an attorney or have an attorney present. The district court held, "Under the facts of this case, trial and appellate counsel's failure to challenge his client's incriminating statements did not fall below the standard to which criminal defense counsel are held. Had a suppression motion be[en] made, the likelihood of it being granted was nil." Considering the context surrounding the alleged invocation of *Miranda* rights, the court found Light's decision to better allocate time and resources to more fruitful endeavors clearly fell within the confines of what is reasonable. This finding was not clearly erroneous.

2

[¶ 14] Chisholm argues Light failed to present the *Miranda* issue for our review on appeal. The district court considered this issue and found "defense counsel's decision not to challenge Chisholm's incriminating statements and actions as *Miranda* violations did not, under the facts of this case, constitute an ineffective assistance of counsel as asserted by Petitioner. He has simply not established that at any time he made an unequivocal request for counsel or that he wished all questioning to cease. The evidence of record establishes quite the contrary to be true." As indicated above, in light of the evidence before the district court, we agree Chisholm did not unequivocally invoke his rights to counsel or silence. Therefore, the district court's finding regarding Light's decision not to challenge the *Miranda* issue on appeal was not clearly erroneous.

3

[¶ 15] The district court also addressed Chisholm's argument that Light

had been deficient by failing to present expert witness testimony regarding the psychological condition of dissociation. At the hearing, Chisholm testified he believed testimony of a mental health expert would have assisted the jury in understanding his actions regarding the death of his brother. He presented no evidence, however, of what a mental health expert would actually have said or testified to. He also stated he never discussed this possibility with his attorney, nor did he ever bring it up in his interviews with the detectives. Nothing in Chisholm's testimony established how a mental health evaluation would have assisted him in his argument of self-defense. The district court held, "Absent a showing that he was prejudiced thereby, which has not been demonstrated, counsel's decision in this regard cannot now be successfully challenged in hindsight because his self-defense argument failed." This finding is not clearly erroneous.

### 4

[¶ 16] Chisholm also argues Light did not adequately advise him on the ramifications of not allowing the jury to consider lesser included charges. At the evidentiary hearing, Chisholm acknowledged he waived the lesser included offenses. He argues, however, that he was impaired or was under the influence of Xanax at the time of waiver and that Light is the one who gave him the drug to help him relax. Because he was under the influence of Xanax, he claims he was not thinking clearly enough to make the decision to waive lesser included offenses. Chisholm also admitted, however, that on the same evening the verdict came in, he had a telephone conversation with his sister and her husband in which he told them it was his own decision to waive the lesser included offenses. During this phone call, he never suggested to them that he was under the influence of a drug given to him

by his attorney, nor did he suggest he was unable to think clearly for any reason in deciding to waive the lesser included offenses. Chisholm admitted he never raised the allegation that he was given Xanax by Light until he amended his application for post-conviction relief. After considering this testimony, the district court stated, "[P]ost-trial telephone conversations between Chisholm and relatives indicated that Chisholm was advised, and the ultimate decision was left up to him. Those conversations also indicated that Chisholm was satisfied with his counsel's representation of him during trial." The district court's finding Chisholm was adequately advised on the ramifications of not allowing the jury to consider lesser included charges is not clearly erroneous.

### 5

[¶ 17] The district court considered Chisholm's argument that Light failed to investigate and present evidence regarding the victim's abuse of narcotics. Chisholm testified Light did not conduct an investigation into this issue until very late in the trial, and he failed to present recent instances when the victim had acted violently while under the influence of drugs. On cross-examination, Chisholm admitted, despite having lengthy interviews with law enforcement, he never once alleged Donald Chisholm had a drug problem. None of the witnesses from any of the alleged instances of violence due to drug use were called to testify at the evidentiary hearing. The district court found "[t]here was no other credible evidence presented during trial to establish that Chisholm's late brother illicitly used drugs or, if he did, that it had any nexus with what transpired.... Nor is there any evidence that trial defense counsel did not explore this allegation by his client prior to characterizing the decedent as a rather

despicable and threatening individual. . . ." This finding is not clearly erroneous.

### C

[¶ 18] After weighing the testimony and evidence before it and finding Chisholm's counsel did fulfill his professional responsibility to his client throughout his representation, the district court denied Chisholm's application for post-conviction relief. The district court specifically held:

Petitioner Rodney Chisholm has failed to present credible evidence to establish that his trial defense counsel's representation of him in this matter was so deficient that it deprived him of the effective and professional assistance of legal counsel to which he was entitled under the Sixth Amendment of the United States Constitution. Counsel's trial strategy and procedural decisions, although resulting in an unfavorable result for Mr. Chisholm, cannot now be characterized as deficient representation simply because of that result. Further, there has been no showing that had defense counsel presented a different trial strategy or theory the jury would not have reached the same conclusion that it did.

[¶ 19] Despite Chisholm's argument to the contrary, the district court's finding that his counsel's conduct did not fall below an objective standard of reasonableness was based on findings of fact and credibility that are not clearly erroneous. Although Chisholm argues his trial would have had a different result had his counsel presented more testimony and filed a motion to suppress his confession, he has failed to produce any evidence other than mere assertions. Therefore, because Chisholm failed to meet his burdens of proving ineffective assistance, the court did not err in denying his application for post-conviction relief. *See, e.g., Odom v. State,* 2010

ND 65, ¶ 13, 780 N.W.2d 666 (petitioner must prove that counsel's representation fell below an objective standard of reasonableness and that petitioner was prejudiced by counsel's deficient performance); *Roth v. State,* 2007 ND 112, ¶ 7, 735 N.W.2d 882 (petitioner bears the heavy burden to prove both that counsel's representation fell below an objective standard of reasonableness and that petitioner was prejudiced by counsel's deficient performance).

### III

[¶ 20] Chisholm also argues the district court failed to address all of the issues he has raised post-conviction. In his application for post-conviction relief, Chisholm alleged his counsel was ineffective in five different ways. These five allegations differed slightly from his second application on remand. Chisholm's initial application was ultimately denied, appealed, and remanded. On remand, Chisholm raised three new ineffective assistance allegations. He clarified in his amended brief in support of his application for post-conviction relief that he was raising five issues total, the two *Miranda* issues and the three new issues. Subsequent to Chisholm's filing his amended brief, the district court issued an order explicitly stating it would only be allowing and considering evidence deemed relevant to the five issues raised by Chisholm in the amended brief. The evidentiary hearing was held in February 2015. Testimony and evidence were taken on the five issues raised by Chisholm. No objection was ever made to the court's order limiting the parties to those five issues. Chisholm never made any effort to address any arguments outside of those five issues.

[¶ 21] Chisholm argues the district court did not properly address all of the issues he raised post-conviction.

The district court had no obligation, however, to search the record and address those issues when Chisholm never asserted arguments on them and never objected to the court's limiting him to the five issues raised in his amended brief. Issues not raised or considered by the district court cannot be raised for the first time on appeal. *Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510. The court properly addressed each of the five issues that Chisholm clarified were being asserted on remand. All five issues were addressed and specific findings were made as to the court's ruling on each issue. The district court did not err in its consideration of only the five issues raised in Chisholm's application.

### IV

[¶ 22] Because the district court's decision to deny Chisholm post-conviction relief was supported by the evidence in the record, and because the court considered all five issues he specified, we affirm the district court's order.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.