2016 ND 149

**Allen RATLIFF, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20150330.

Supreme Court of North Dakota.

July 20, 2016.

Laura C. Ringsak, Bismarck, N.D., for petitioner and appellant.

Carmell F. Mattison, Assistant State's Attorney, Grand Forks, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Allen Ratliff appealed from an order dismissing his application for postconviction relief. We affirm, because the district court's decision denying the application is based on findings of fact that are not clearly erroneous.

I

[¶ 2] A jury found Ratliff and two others guilty of robbery, burglary, two counts of aggravated assault, theft of property, and felonious restraint in connection with an April 2012 home invasion in Grand Forks. This Court affirmed the convictions in *State v. Ratliff*, 2014 ND 156, 849 N.W.2d 183. In October 2014, Ratliff filed an application for postconviction relief alleging numerous grounds, including ineffective assistance of counsel. After a hearing during which Ratliff, his sister, his trial attorney, and the prosecutor testified, the district court in a 10–page decision denied the application.

II

[¶ 3] Ratliff argues the district court erred in denying his application for postconviction relief.

[¶ 4] In *Syvertson v. State*, 2005 ND 128, ¶ 4, 699 N.W.2d 855, we described the standard for reviewing denials of applications for postconviction relief:

Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding.

(quoting *Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390).

A

[¶ 5] Ratliff argues the district court should have granted his application for postconviction relief because his trial counsel was deficient in several respects.

[¶ 6] To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner has the heavy burden of proving "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance." *Chisholm v. State*, 2015 ND 279, ¶ 8, 871 N.W.2d 595 (quoting *Roth v. State*, 2007 ND 112, ¶ 7, 735 N.W.2d 882).

As to the first prong, the petitioner must overcome the strong presumption

that counsel's representation fell within the wide range of reasonable professional assistance. An attorney's performance is measured considering the prevailing professional norms. In assessing the reasonableness of counsel's performance, courts must consciously attempt to limit the distorting effect of hindsight. Courts must consider all the circumstances and decide whether there were errors so serious that defendant was not accorded the "counsel" guaranteed by the Sixth Amendment.

In order to meet the second prong, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The petitioner must prove not only that counsel's representation was ineffective, but must specify how and where counsel was incompetent and the probable different result. If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed.

*Chisholm*, at ¶ 8 (quoting *Roth*, at ¶¶ 8–9). Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully reviewable on appeal. *Chisholm*, at ¶ 8.

 [¶ 7] First, Ratliff argues his trial counsel was ineffective because he failed to investigate and call alibi witnesses to testify on his behalf. Ratliff claims his sister and another person were alibi witnesses whose testimony would place him elsewhere at the time of the crimes. Ratliff contends he informed his trial attorney on numerous occasions about the alibi witnesses but the attorney failed to investigate the alibi defense and did not call them as witnesses. Ratliff's trial attorney testified Ratliff did not inform him of any alibi witnesses, and if Ratliff had informed him,

he would have investigated the potential witnesses. The district court found Ratliff did not advise the attorney about alibi witnesses:

This Court is unable to conclude that trial counsel was ever advised of the existence of an alibi witness. Allen Ratliff had many different opportunities to raise the issue prior to trial, but failed to do so. Trial counsel cannot be held responsible for something he had no knowledge of.

We conclude the district court's finding is supported by the evidence and is not clearly erroneous.

 [¶ 8] Second, Ratliff argues his trial attorney was deficient because he did not move to sever or oppose the State's motion for joinder of the other two defendants at his trial. Ratliff's trial attorney testified that he realized his chances of prevailing on a severance motion were "quite slim," *see, e.g., State v. Wamre*, 1999 ND 164, ¶ 30, 599 N.W.2d 268 (joint trials of persons charged together with committing the same offense are the rule rather than the exception), and that because the codefendants did not testify against Ratliff, there was no harm. "Failure to file pretrial motions, by itself, does not equate to ineffective assistance of counsel." *Ernst v. State*, 2004 ND 152, ¶ 11, 683 N.W.2d 891. Ratliff has not established his trial attorney was deficient in this regard and has shown no prejudice.

 [¶ 9] Third, Ratliff claims his attorney failed to prepare for arguments concerning his motion for new trial because he did not cite *State v. Abell*, 383 N.W.2d 810, 812–13 (N.D.1986) (jury's unauthorized use of dictionary could have affected verdict), in his argument about the jury receiving an audio recording that was not received in evidence. Ratliff's attorney testified he did cite *Abell* in his motion brief, but admitted the case was

not on point. In any event, this Court in *Ratliff*, 2014 ND 156, ¶¶ 13–18, 849 N.W.2d 183, did not cite *Abell* or any other authority for rejecting this argument for reversal on Ratliff's direct appeal. We agree with the district court that "[t]his issue has been fully determined in a previous proceeding." *See* N.D.C.C. § 29–32.1–12.

[¶ 10] Fourth, Ratliff claims his attorney was deficient for failing to object to jury instructions about the definition of "dangerous weapon." Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. *See, e.g., State v. Keller*, 2016 ND 63, ¶ 4, 876 N.W.2d 724. Ratliff does not identify what the objection to the instruction should have been or how the instruction as given misstated the law. We conclude this argument is without merit.

[¶ 11] We conclude Ratliff has not established that he received ineffective assistance of counsel.

### B

[¶ 12] Ratliff argues he is entitled to postconviction relief because he would not have waived his preliminary hearing if the prosecutor had not falsely promised to refrain from filing a notice of habitual offender status under N.D.C.C. § 12.1–32–09 if he did waive the preliminary hearing.

[¶ 13] The prosecutor testified he promised not to file the notice before the preliminary hearing if Ratliff waived the hearing, not that he would never file the notice. The prosecutor testified and documentary evidence establishes the prosecutor would not file the notice only if a plea agreement could be reached. After plea negotiations failed, the prosecutor filed the notice more than 90 days before the trial began. *See State v. Booth*, 2015 ND 59,

¶ 6, 861 N.W.2d 160 (one-day notice may be "reasonable" under certain circumstances). The district court found:

The Court finds there is no evidence the State promised to forego the filing of a motion to declare Ratliff has [sic] a habitual offender in exchange for his waiver of the right to a preliminary hearing. Instead, the evidence showed there was an offer made by the State to forego the pursuit of habitual offender status if Allen Ratliff entered into a written plea agreement.

[¶ 14] We conclude the district court's finding is supported by the evidence and is not clearly erroneous.

### C

[¶ 15] We do not address the remaining issues raised by Ratliff because several were fully and finally determined in previous proceedings, *see* N.D.C.C. § 29–32.1–12, and the others are devoid of merit.

[¶ 16] We conclude the district court did not err in denying Ratliff's application for postconviction relief.

### III

[¶ 17] The order is affirmed.

[¶ 18] DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.