2016 ND 212

**Darrius Cortez PATTERSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20160117.**

Supreme Court of North Dakota.

Nov. 9, 2016.

Jessica J. Ahrendt, Grand Forks Public Defender Office, Grand Forks ND, for petitioner and appellant.

Cherie L. Clark (argued) and Gary E. Euren (on brief), Assistant State's Attorney, Cass County Courthouse, Fargo ND, for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Darrius Patterson appeals from a district court order and judgment denying his application for post-conviction relief. Patterson argues the district court erred denying his application because he received ineffective assistance of appellate counsel. We affirm.

I

[¶ 2] In October 2013 a jury found Patterson guilty of delivering cocaine within 1,000 feet of a school. In January 2014 Patterson was sentenced to 28 years in the North Dakota Department of Corrections. On February 7, 2014, Patterson's trial counsel filed a notice of appeal and a Rule 35 request to reduce sentence. Attorney Ben Pulkrabek was appointed to represent Patterson on appeal. The district court denied Patterson's Rule 35 request.

[¶ 3] On May 5, 2014, Pulkrabek filed Patterson's appellate brief. Pulkrabek testified he did not recall, prior to filing the brief, having any contact with Patterson regarding the issues for appellate review. On May 6, 2014, Pulkrabek received a letter from Patterson requesting trial transcripts and a document titled "Sentence Appeal," in which Patterson argued his sentencing was in violation of N.D.C.C. §§ 19–03.1–23 and 19–03.1–23.1(1)(a) because his trial counsel failed to object to the admission of two out-of-state convictions for possessing controlled substances. Patterson testified he wanted to argue he could be eligible for a suspended or deferred sentence under N.D.C.C. § 19–03.1–23.2 and *State v. Murphy*, 2014 ND 202, 855 N.W.2d 647. Pulkrabek recalled advising Patterson by letter that he could file his own brief arguing the sentencing issue.

[¶ 4] Pulkrabek met Patterson in person on June 23, 2014. At the meeting Pulkrabek advised Patterson the sentencing issue could not be raised on appeal because N.D.C.C. Ch. 19–03.1 was not addressed at the sentencing hearing. Pulkrabek did not request a transcript of the sentencing hearing. Pulkrabek believed a Rule 35 request reducing sentence precludes a determination of sentencing on appeal. This Court affirmed Patterson's conviction on October 28, 2014. *State v. Patterson*, 2014 ND 193, 855 N.W.2d 113.

[¶ 5] In May 2015 Patterson applied for post-conviction relief arguing he received ineffective assistance of appellate counsel because Pulkrabek did not argue sentencing, the trial court erred in sentencing by failing to consider he may be eligible for a deferred or suspended sentence under N.D.C.C. § 19–03.1–23.2 and he received ineffective assistance of trial counsel. An evidentiary hearing was held and the district court denied Patterson's application for post-conviction relief. The district court found Patterson's appellate counsel fell below the objective standard of reasonableness because Pulkrabek's advice regarding the ability to raise the issue of sentencing on appeal was erroneous. However, the district court found no reasonable probability existed that Patterson's appeal would have been decided differently even if the sentencing issue was argued. Accordingly, the district court held Patterson failed to demonstrate he was entitled to post-conviction relief. Patterson appeals.

II

[¶ 6] Patterson argues the district court erred denying his application

for post-conviction relief because he received ineffective assistance of appellate counsel. Our review of post-conviction proceedings is well established:

> "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by the evidence, or if, although there is some evidence to support it, a reviewing court is left with a definite and firm conviction that a mistake has been made. Questions of law are fully reviewable on appeal of a post-conviction proceeding."

*Syvertson v. State*, 2005 ND 128, ¶ 4, 699 N.W.2d 855 (quoting *Greywind v. State*, 2004 ND 213, ¶ 5, 689 N.W.2d 390). "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully reviewable on appeal." *Thompson v. State*, 2016 ND 101, ¶ 7, 879 N.W.2d 93 (citing *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247).

[¶ 7] "To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner has the heavy burden of proving '(1) counsel's representation fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by counsel's deficient performance.'" *Ratliff v. State*, 2016 ND 149, ¶ 6, 882 N.W.2d 716 (quoting *Chisholm v. State*, 2015 ND 279, ¶ 8, 871 N.W.2d 595).

[¶ 8] The district court found error in Pulkrabek's belief that Patterson's Rule 35 motion to reduce sentence precluded him from raising the issue on appeal. "Our appellate review of a criminal sentence is very limited." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990). "On appeal of a claim that a sentence is excessive or incorrect, this court has no power to review the discretion of a sentencing court in fixing a term of imprisonment within the range authorized by statute." *Id.* However, this Court can review whether the district court properly construed the law providing the district court with discretion in sentencing. *See State v. Murphy*, 2014 ND 202, 855 N.W.2d 647. Consistent with *Murphy*, the district court found Patterson's appellate representation fell below the objective standard of reasonableness and this finding is not disputed.

[¶ 9] The district court denied Patterson's application based on the second prong requiring prejudice from counsel's error.

> "In order to meet the second prong, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The petitioner must prove not only that counsel's representation was ineffective, but must specify how and where counsel was incompetent and the probable different result. If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed."

*Ratliff*, 2016 ND 149, ¶ 6, 882 N.W.2d 716.

[¶ 10] Patterson argues the district court erred in finding no reasonable probability existed that Patterson's appeal would have been decided differently if his appellate counsel argued the sentencing issue under *Murphy*. Patterson alleges because he was sentenced by the same judge as Murphy, two months prior to Murphy, his case would have been the case of first impression rather than Murphy and his case would have been remanded for resentencing had the sentencing issue been

raised. Patterson argues it is impossible for the same judge to exercise his discretion in determining whether Patterson could receive a deferred sentence and two months later decide N.D.C.C. § 19–03.1–23.2 did not give him the discretion to suspend or defer the sentence in *Murphy.*

[¶ 11] In *Murphy* we addressed the circumstance "in which a district court explicitly and clearly on the record interprets a statute to ascertain *that it lacks discretion* in sentencing, as opposed to exercising its discretion, and specifically refuses a defendant's request to consider matters allegedly within its discretion. . . ." *Murphy,* 2014 ND 202, ¶ 22, 855 N.W.2d 647. In *Murphy* the defendant pled guilty to delivering cocaine within 1,000 feet of a school. *Id.* at ¶ 2. The parties argued whether the defendant's prior out-of-state convictions should be considered in sentencing. *Id.* at ¶ 4. The district court held it lacked the authority under N.D.C.C. § 19–03.1–23.2 to suspend or defer the sentence. *Id.* at ¶ 17. We reversed the district court, holding the "plain language of N.D.C.C. § 19–03.1–23.2 allows the court the discretion to suspend the defendant's sentence for a 'first violation,' without including an 'equivalent' offense." *Id.* at ¶ 32. We clarified, stating:

> "That is not to say, however, a court would not consider an 'equivalent' offense as contemplated under N.D.C.C. § 19–03.1–23(5) because the court must still find 'extenuating or mitigating circumstances' to justify any suspension of a sentence. A district court's analysis could still include consideration of a defendant's 'equivalent' convictions in any other state or federal jurisdiction."

*Id.* We held a district court has discretion to suspend or defer a sentence under N.D.C.C. § 19–03.1–23.2 with or without considering prior equivalent offenses. *Id.* at ¶ 34.

[¶ 12] Here, the district court found the trial court exercised its discretion in imposing Patterson's sentence, stating:

> "Here, Patterson asserts his sentence was illegal because the trial court failed to grant him a suspended or deferred sentence. However, while the trial court had the discretion to grant Patterson a suspended or deferred sentence, it was not bound under North Dakota law to grant him such a sentence. The trial court exercised its discretion and simply decided Patterson was not entitled to a suspended or deferred sentence under chapter 19–03.1."

The district court determined Patterson's criminal record was such that the court did not get to the analysis it made in *Murphy.* At the evidentiary hearing, the district court further explained:

> "I did not do what I did in the Murphy case in Mr. Patterson's case because of the difference in the sentencing issues. In other words, if in Mr. Murphy's case I felt . . . that there potentially were extenuating and mitigating circumstances; and, therefore, I had to directly address the issue of whether or not I had the discretion. I didn't get to that level in Mr. Patterson's case."

[¶ 13] We are not convinced the holding in *Murphy* requires a different result here as a matter of law. On this record Patterson is unable to meet the heavy burden to satisfy the prejudice prong. Because the trial court exercised its discretion in sentencing Patterson, the district court's findings are not induced by an erroneous view of law. We conclude the district court's findings of fact are not clearly erroneous.

### III

[¶ 14] Denial of Patterson's application for post-conviction relief is affirmed.

[¶15]  GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.