2017 ND 54

**Adam Scott HAMILTON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

No. 20160276

Supreme Court of North Dakota.

Filed 3/7/2017

Rehearing Denied March 30, 2017

Benjamin C. Pulkrabek, 402 First St. N.W., Mandan, ND 58554–3118, for petitioner and appellant.

Haley L. Wamstad (argued) and Meredith H. Larson (on brief), Grand Forks County State's Attorney, P.O. Box 5607, Grand Forks ND 58206–5607, for respondent and appellee.

Crothers, Justice.

[¶ 1] Adam Hamilton appeals from the district court judgment denying him post-conviction relief. Hamilton argues the district court erred in denying his application for post-conviction relief because he did not have the ability at the hearing to communicate and transmit documents with his attorney. Hamilton also argues the district court erred in denying his transport order because he had a right to be personally present at the hearing. We affirm.

## I

[¶ 2] Hamilton pled guilty to continuous sexual abuse of a child and was sentenced to 30 years in prison. This Court summarily affirmed the criminal judgment. State v. Hamilton, 2013 ND 113, ¶ 3, 837 N.W.2d 159. Hamilton applied for post-conviction relief, arguing he received ineffective assistance of counsel, violations of N.D.R.Crim.P. 11 and his attorney failed to object to a coerced confession that led to his conviction. Hamilton requested a transport order to allow him to personally appear at the evidentiary hearing. The district court denied his request, stating Hamilton provided no authority establishing his right to personally appear at the hearing. Hamilton's attorney filed an "affidavit" requesting an order allowing Hamilton to testify in compliance with the North Dakota Department of Corrections' policy for telephonic hearings in civil cases. The district court entered the requested order, allowing Hamilton to testify by telephone for no more than 30 minutes.

[¶ 3] At the hearing held on February 10, 2016, Hamilton participated and testified by telephone. Hamilton immediately objected to the hearing, citing N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E), because he was not allowed to privately confer with his attorney and he had no means of exchanging documents with his attorney. The district court overruled his objection, stating the rules did not apply to the hearing because it was not an interactive television proceeding.

[¶ 4] During Hamilton's testimony he sought to introduce a 290–page exhibit consisting of documents regarding the effects of medication he was taking at the time of his arrest. Hamilton's attorney was not aware of the documents prior to the hearing. The district court allowed Hamilton's attorney to obtain the documents after the hearing and file them with the district court, subject to the State's objections. The State objected to the document. Written closing arguments were filed by Hamilton. The district court entered an order denying Hamilton's application for post-conviction relief. A judgment was entered denying Hamilton post-conviction relief. Hamilton appeals.

## II

[¶ 5] Hamilton argues the district court erred in denying his application for post-conviction relief. "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. In post-conviction relief proceedings, a district court's findings of fact will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." Patterson v. State,, 2016 ND 212, ¶ 6, 886 N.W.2d 684 (quoting Syvertson v. State, 2005 ND 128, ¶ 4, 699 N.W.2d 855).

[¶ 6] Hamilton argues the district court erred because he could not confer with his counsel or exchange documents during the evidentiary hearing. Specifically, Hamilton contends had he been able to consult with his attorney during the hearing he would have presented an exhibit he deemed relevant to his case. At the hearing Hamilton objected under N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E), arguing he did not have the ability to consult with his counsel and he was unable to transmit documents. The district court overruled his objection, stating:

"The Court has before it North Dakota Administrative Rule 52, Subpart 2(D) and (E) and that rule reads as follows. Subpart (D) reads: Each interactive television site must provide a facility for a confidential attorney-client conference. There are two reasons that subpart does not apply today. This is not an interactive television site. Secondly, this is not an attorney-client conference. Subpart

(E) provides: A method for electronic transmission of documents must be available at each interactive television site for use in conjunction with an interactive television proceeding. Because this is not an interactive television proceeding, the Court rules that does not apply in this case, and we will proceed with this hearing."

[¶ 7] The district court erred in its construction and application of N.D. Sup. Ct. Admin. R. 52. The district court erroneously cited the rule prior to the amendments effective March 2015. The correct version of Rule 52, § 2(D) and (E) reads:

"(D) Each site where reliable electronic means are used in a court proceeding must provide equipment or facilities for confidential attorney-client communication.

(E) A method for electronic transmission of documents must be available at each site where reliable electronic means are used in a court proceeding for use in conjunction with the proceeding."

N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E) requires confidential communications and document transmission at each site where reliable electronic means are used. This requirement is not limited to interactive television proceedings. The requirements applied to Hamilton's hearing. In applying the obsolete version of N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E), the district court erroneously determined the requirements did not apply to the proceeding.

■ [¶ 8] Because the district court erred construing the Administrative Rule, we next determine whether Hamilton was prejudiced by the error. This Court's standard for harmless error states:

"Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

N.D.R.Civ.P. 61. This Court defines harmless error as "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial...." State v. Acker, 2015 ND 278, ¶ 12, 871 N.W.2d 603.

[¶ 9] At the evidentiary hearing Hamilton sought to introduce an exhibit he deemed relevant to his case. Hamilton's attorney was not aware of the exhibit at the time of the hearing. The district court allowed Hamilton's attorney to obtain the documents contained in the exhibit and file them following the hearing, subject to the State's objection. The district court referenced the exhibit in its order denying Hamilton's application for post-conviction relief. Because the district court allowed the record to stay open following the hearing and Hamilton's attorney filed the exhibit, any prejudicial effect of the district court's application of N.D. Sup. Ct. Admin. R. 52 was minimal. We conclude the district court's erroneous construction and application of N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E) was harmless.

III

■ [¶ 10] Hamilton argues the district court erred in denying his request for a transport order. To the extent Hamilton argues the district court erred in denying his request because he had a right to be personally present at the hearing, Hamilton did not properly preserve the issue for review. Hamilton requested a transport order to be personally present at the evidentiary hearing. The district court denied his

request, finding Hamilton provided no authority establishing a right to be personally present at the hearing. Hamilton's attorney then filed a document titled "affidavit" requesting relief consistent with the Department of Corrections' guidelines. The district court granted the exact relief Hamilton requested.

[¶ 11] Because Hamilton received the precise relief he requested, he has waived all ability to object to the district court's order. See State v. Cone, 2014 ND 130, ¶ 17, 847 N.W.2d 761 ("[I]t is fundamental that where [a litigant] 'opened the door' and 'invited error' there can be no reversible error.") (internal citation omitted). To the extent Hamilton claims he accepted the order because his transport request was denied, we apply harmless error analysis. See N.D.R.Civ.P. 61.

[¶ 12] Hamilton provides no authority establishing a claimed right to appear personally at the hearing. In the context of other civil cases involving constitutional rights, namely termination of parental rights proceedings, this Court recognized prisoners have a limited right to personally appear at civil proceedings. Walbert v. Walbert, 1997 ND 164, ¶ 8, 567 N.W.2d 829. The right to appear is left within the sound discretion of the district court. Interest of F.H., 283 N.W.2d 202, 209 (N.D. 1979).

[¶ 13] "Prisoners have diminished constitutional protections, but they maintain a due process right to reasonable access to the courts." Curtiss v. Curtiss, 2016 ND 197, ¶ 8, 886 N.W.2d 565. "A person's right to appear may be satisfied by allowing appearance via telephone." Id. (quoting St. Claire v. St. Claire, 2004 ND 39, ¶ 6, 675 N.W.2d 175). "[A] convict does not have a constitutional right to personally appear in a civil suit where he has been permitted to appear through counsel and by deposition, if appropriate." Walbert v.

Walbert, 1997 ND 164, ¶ 8, 567 N.W.2d 829 (quoting Interest of F.H., 283 N.W.2d 202, 209 (N.D. 1979)).

[¶ 14] Hamilton was represented by counsel and testified by telephone consistent with the relief he requested. The district court granted his request to appear under the policies of the Department of Corrections. We note the policies of the Department of Corrections are not in accord with the requirements of N.D. Sup. Ct. Admin. R. 52, § 2(D) and (E) but no claim in that regard has been made. We conclude Hamilton has not met the burden establishing an error affecting his substantial rights.

IV

[¶ 15] We affirm the district court's judgment denying Hamilton's application for post-conviction relief.

[¶ 16] Daniel J. Crothers

Carol Ronning Kapsner

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.

Tufte, Justice, concurring in the result.

[¶ 17] I concur in the result reached by the majority.

[¶ 18] The majority concludes that the district court's error in misapplying N.D. Sup. Ct. Admin. R. 52 is harmless error. I agree, but I believe this is a closer case than the majority indicates. I write separately to illustrate the dangers inherent in finding harmless error from the district court's impairment of Hamilton's communication with counsel.

[¶ 19] Hamilton's petition for post-conviction relief alleges ineffective assistance of counsel surrounding his guilty plea in the underlying criminal matter. The dis-

trict court appointed counsel for Hamilton. Hamilton requested an order setting an evidentiary hearing and directing the sheriff to transport him from the penitentiary to the courthouse for the hearing. Two weeks later, the State responded that it had "no objection" to Hamilton's request for a hearing. The record shows no response by the State to Hamilton's request for an order to transport. The district court then scheduled a hearing on the petition and denied Hamilton's requested transport order. In denying the transport order, the district court stated: "A transport order is not required because arrangements can be made by which Plaintiff can both appear and testify, if he chooses to testify, through interactive video network television." The court reasoned that Hamilton had provided no authority establishing a right to be personally present at the hearing. The hearing proceeded with Hamilton appearing for thirty minutes only by telephone rather than by interactive television as originally contemplated by the district court. Hamilton's telephone connection was terminated just as Blake Hankey, Hamilton's attorney in the underlying criminal matter, was called as a witness. Hankey is referred to below as Hamilton's "trial attorney" despite the fact that Hamilton pled guilty rather than going to trial.

[¶ 20] The State is not required to provide a post-conviction relief process. When a state chooses to do so, the U.S. Constitution does not impose detailed requirements on how such relief may be provided. Pennsylvania v. Finley, 481 U.S. 551, 558–59, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). North Dakota has chosen to provide a civil process for post-conviction relief after a defendant has been convicted and exhausted the opportunity for direct appeal. It has broad authority to decide how to do that. Upon request and a showing of indigency, an applicant for post-conviction relief has a statutory right to appointed counsel. N.D.C.C. § 29–32.1–05(1) ("counsel shall be provided at public expense to represent the applicant").

[¶ 21] An application for post-conviction relief alleging ineffective assistance of counsel is not ordinarily appropriate for summary disposition. These claims require an evidentiary hearing so that a record can be developed about the claims because the facts at issue are rarely part of the trial record. Determination of the facts at issue most typically will involve testimony of the now-convicted defendant and trial counsel. For these reasons, we have said that courts should ordinarily grant hearings on post-conviction claims alleging ineffective assistance. Myers v. State, 2009 ND 13, ¶ 12, 760 N.W.2d 362 ("Ineffective assistance of counsel claims ordinarily require development of the record through an evidentiary hearing."); Abdi v. State, 2000 ND 64, ¶ 31, 608 N.W.2d 292 ("Ineffective assistance of counsel claims generally are unsuited for summary disposition because they ordinarily require development of the record in an evidentiary hearing."); Klose v. State, 2008 ND 143, ¶ 9, 752 N.W.2d 192 ("While summary dismissal generally is not appropriate for post-conviction claims of ineffective assistance of counsel because an evidentiary hearing is required to develop the record, summary dismissal will remain appropriate if the petitioner does not raise a genuine issue of material fact."); Wong v. State, 2010 ND 219, ¶ 15, 790 N.W.2d 757 ("We have said the record and transcripts generally are not adequate to determine claims of ineffective assistance of counsel, and a petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when appropriate, a district court should consider evidence of ineffective assistance of coun-

sel beyond the record.") (internal citation omitted).

[¶ 22] Hamilton did not have a right to appear personally at the hearing on his petition. Our cases have repeatedly expressed that prisoners do not have a right to appear in person in civil matters. The cases cited by the majority stand for the general proposition that a prisoner has no right to appear personally in civil matters even where they implicate constitutional rights such as termination of the prisoner's parental rights. See Majority, at ¶¶ 13–14. I would not impose a different requirement for post-conviction relief, which is also a civil proceeding.

[¶ 23] Where this case differs from other civil matters involving prisoners is that a record relating to an ineffective assistance claim is unlikely to be fully developed where the defendant is not present at the hearing to hear his trial counsel's testimony and consult with his post-conviction counsel. For this purpose, presence may be in person or through reliable electronic means consistent with our rules. N.D. Sup. Ct. Admin. R. 52; N.D.R.Civ.P. 43(a) ("testimony must be taken in open court unless ... court rules provide otherwise"); cf. N.D.R.Crim.P. 43(a)(2) ("Presence permitted by contemporaneous audio or audiovisual transmission by reliable electronic means is presence for the purposes of this rule.").

[¶ 24] Hamilton objected to the limitations of telephonic participation at the start of the hearing, and he argues on appeal that the hearing procedure prejudiced him. Only the defendant and his trial attorney will have direct knowledge of many of the events testified to at the hearing. Because the Department of Corrections and Rehabilitation allowed participation for only 30 minutes, Hamilton was no longer on the telephone during the part of the hearing when his trial counsel testi-

fied. The defendant must be present to listen to the trial attorney's testimony in order to confer with his post-conviction counsel, pass notes, review exhibits and otherwise avail himself of the assistance and advice of counsel. Without an opportunity to hear the testimony of other witnesses, especially that of his trial counsel, Hamilton lost the ability to point out to his counsel facts that he recalled differently or to suggest questions for cross-examination. Thus his statutory right to counsel at the post-conviction relief hearing was impaired.

[¶ 25] The majority concludes that the district court's misapplication of Rule 52 was harmless error under N.D.R.Civ.P. 61, because the hearing record was left open and Hamilton was permitted to file an exhibit after the hearing. I agree with this analysis. As to the lack of confidential communications between Hamilton and post-conviction counsel, whether the error was harmless is a more difficult question.

[¶ 26] Our harmless error standard states: "Unless justice requires otherwise, no ... error by the court ... is ground for granting a new trial...." N.D.R.Civ. P. 61. "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Id. Hamilton has a statutory right to counsel in petitioning for post-conviction relief. Whether a constitutional right at trial or a statutory right on a petition for post-conviction relief, the right to counsel is a "substantial right[ ]" under Rule 61. We must tread carefully and avoid speculation as to what Hamilton might have accomplished if he had been able to talk to his lawyer and participate in the hearing to the degree required by Rule 52. Through counsel, he submitted post-hearing closing arguments. He had the hearing transcripts available and cited them extensively. Other than his claim regarding the

exhibit that was received after the hearing, Hamilton does not set forth any theory of how he was prejudiced by the district court's failure to facilitate confidential communication with counsel as required by Rule 52. Under the circumstances presented here, the error is harmless.

[¶ 27] The majority considers Hamilton to have waived his objection to the district court's refusal to order him transported for the hearing, citing his subsequent request for participation within the limits of Department of Corrections and Rehabilitation guidelines. I agree that there is no error in the district court's denial of the requested order to transport. At the time the court denied Hamilton's request to be transported for personal appearance at the hearing, the court expressly contemplated interactive television participation. That would have been in compliance with Rule 52. Where there is no apparent objection to a transport order from the State, a district court should explain why it has found that summary disposition is not appropriate, that an evidentiary hearing is justified, but that only remote testimony will be allowed. Not only would a personal appearance facilitate attorney-client communications, live testimony is preferred for the purposes of fact finding. Hamilton apparently acquiesced to the district court's denial of his request for a transport order when he requested an order in compliance with the warden's policy for prisoner appearances in civil cases. At the hearing, he only argued the lack of compliance with Rule 52.

[¶ 28] To obtain relief on his claim of error in denying the transport order, Hamilton has to establish he has a right to in-person appearance in a proceeding that the Constitution does not require the State to offer him. Further, he has to establish that denial of his request for transportation in favor of remote appearance prejudiced him in changing the probable result of the hearing. To persuasively argue a probable different result at the post-conviction hearing, Hamilton would have to set forth an argument based on the record of the hearing where he would have suggested a question for cross-examination or otherwise collaborated with his post-conviction counsel to create a possibility of a different result. He has not done that. The record reflects no reasonable likelihood of a different result based on the specific grounds raised in support of the ineffective assistance claim.

[¶ 29] I write separately primarily to emphasize that a district court should ensure that where it has found a post-conviction hearing is justified, the hearing must be held in person or through remote presence in compliance with our rules. The courts lack authority to require the Department of Corrections and Rehabilitation to provide specific facilities for prisoner participation in civil hearings. If the Department does not provide facilities that comply with Rule 52, the district court must order the prisoner transported rather than simply accepting whatever restrictions the Department policy imposes, as happened here.

[¶ 30] Jerod E. Tufte