2015 ND 278

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Gino James ACKER, Defendant and Appellant.**

**No. 20150163.**

Supreme Court of North Dakota.

Dec. 1, 2015.

Tristan J. Van de Streek, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] A jury found Gino Acker guilty of aggravated assault. He appeals from the judgment arguing the district court's admission of his prior criminal conviction for sexual assault constitutes reversible error. We agree. We reverse the criminal judgment and remand the case for a new trial.

I

[¶ 2] The State charged Acker with aggravated assault. Acker drove Beau Johnson home after Acker and Johnson had been visiting bars in downtown Fargo. While driving to Johnson's residence, the two began to argue about Johnson smoking in Acker's vehicle. Acker alleged that when they arrived at Johnson's residence, Johnson exited the vehicle, walked around the front bumper, and began punching Acker through the driver-side window. Johnson denied punching Acker. Both parties agreed that Acker stabbed Johnson; Acker claimed the stabbing was in self-defense.

[¶ 3] Johnson was impeached at trial. Among other things, he was asked whether he tried to start a fight with an African American man that night. He denied doing so, and he claimed he had never met the man. The man was then called as a witness and testified he had met Johnson, Johnson had called him a racial slur, and Johnson had tried to pick a fight with him. Another witness, one of Johnson's friends, testified he was at the bars that night and witnessed Johnson get into an altercation with the African American man.

[¶ 4] Acker was also impeached at trial. The State asked him about his prior criminal convictions, which included providing false information to a law enforcement officer, stalking, violation of a protection order, and sexual assault. Before trial, Acker moved the court to prohibit his sexual assault conviction from being offered into evidence. The court denied his motion, stating it would rule on the admissibility of prior convictions at trial. At trial, the State asked Acker about his sexual assault conviction, Acker's counsel objected, and the court overruled the objection. Acker then admitted he had been convicted of sexual assault. He also admitted he had been convicted of providing false information to law enforcement, stalking, and violation of a protection order.

[¶ 5] Although another individual rode in the vehicle with Acker and Johnson that night and witnessed the stabbing, she was never called as a witness because she had died prior to the trial. Consequently, the jury was left with the conflicting accounts of Acker and Johnson—the only witnesses that were present at the scene of the incident. After deliberating, the jury found Acker guilty.

II

[¶ 6] Acker argues the trial court erred when it admitted his sexual

assault conviction. "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707. "A trial court abuses its discretion if the record does not show that the trial court meaningfully or appropriately considered the relevant factors when it weighed the prior conviction's probative value and prejudicial effect." *State v. Murchison*, 541 N.W.2d 435, 442 (N.D. 1995). When the district court has committed non-constitutional trial error, we reverse only when that error prejudices the defendant. *Id.*

### III

[¶ 7] The district court abused its discretion when it admitted Acker's prior sexual assault conviction. Evidence of criminal defendants' prior convictions is generally only admissible to impeach their character for truthfulness; such evidence is not admissible to show general criminal propensity. *State v. Doppler*, 2013 ND 54, ¶ 17, 828 N.W.2d 502. The North Dakota Rules of Evidence allow prior criminal convictions to come into evidence to impeach a criminal defendant only when the conviction's probative value outweighs its prejudicial effect or when the conviction is for a crime related to dishonesty:

(a) *In General.* The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

(A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the elements of the crime required proving, or the witness's admitting, a dishonest act or false statement.

N.D.R.Ev. 609(a).

[¶ 8] This Court has explained that the probative value of a conviction must be balanced with its prejudice "because a criminal defendant faces the unique risk that juries will use prior convictions as evidence of the defendant's propensity to commit crime, rather than considering the convictions for impeachment purposes only. Because of this unique risk, Rule 609(a)(1) favors excluding rather than admitting the prior felony convictions of a witness who is an accused." *Doppler*, 2013 ND 54, ¶ 9, 828 N.W.2d 502 (citation omitted).

[¶ 9] Trial courts must weigh the following factors when determining whether a conviction's probative value outweighs its prejudicial effect: "[1] the impeachment value of the prior crime, [2] the point in time of the conviction and the witness' subsequent history, [3] the similarity between the past crime and the charged crime, [4] the importance of the defendant's testimony and [5] the centrality of the credibility issue." *Doppler*, 2013 ND 54, ¶ 8, 828 N.W.2d 502. "It is important for the trial court to explicitly articulate its balancing process so this [C]ourt can determine whether the trial court followed the requirements of the rule in deciding to admit the evidence." *State v. Eugene*, 536 N.W.2d 692, 695 (N.D.1995).

A trial court abuses its discretion if the record does not show that the trial court

meaningfully or appropriately considered the relevant factors when it weighed the prior conviction's probative value and prejudicial effect. Although we prefer the trial court to articulate expressly how it balanced the relevant factors, it is often enough for the court to hold a brief hearing and to make an explicit finding on the record that demonstrates the trial court did not just apply [N.D.R.Ev. 609(a)(1)] mechanically.

*Doppler,* at ¶ 10 (alteration in original) (citations omitted).

[¶ 10] In *Murchison,* we found error when a trial court admitted a prior conviction, and "[t]he trial court's ruling did not mention the necessary factors, much less 'expressly articulate' how it balanced those factors." 541 N.W.2d at 442. Similarly, in *Doppler,* during trial, the judge discussed whether he would admit a prior conviction during a bench conference. 2013 ND 54, ¶ 5, 828 N.W.2d 502. However, a portion of the bench conference was inaudible and thus did not become part of the record. *Id.* We found error because the record on appeal did "not establish the district court identified the proper factors or articulated how it balanced the probative value of Doppler's convictions against the prejudicial effect." *Id.* at ¶ 13.

[¶ 11] Here, the record does not demonstrate the trial judge performed the analysis required under Rule 609. The judge made the following considerations after Acker moved in limine to preclude his sexual assault conviction from being admitted into evidence:

Well, if the original offenses were punishable by one year or more and they are within ten years of the conviction or release of confinement, then they are potential impeachment, so I don't know if that's the case or not, but to the extent that is, the motion is denied.

If you have any objections as to Rule 403 or similar objections, you're going to have to raise those at the time of the trial so I can judge them in the context of the evidence.

At trial, the judge admitted the sexual assault conviction without explaining his reasoning or discussing the factors:

Q. And in 2005, you were convicted of-

MR. EDINGER: I am going to object under 403, Your Honor. This will inflame the jury.

THE COURT: Overruled.

BY MR. VAN DE STREEK:

Q. In 2005, you were convicted of sexual assault here in North Dakota; correct?

A. Yep. That was nine years ago, too.

The judge did not mention any of the necessary factors, nor did he provide an express articulation of how he balanced the factors. We cannot determine whether he weighed the conviction's probative value against its prejudicial effect. "A trial court abuses its discretion if the record does not show that the trial court meaningfully or appropriately considered the relevant factors when it weighed the prior conviction's probative value and prejudicial effect." *Doppler,* 2013 ND 54, ¶ 10, 828 N.W.2d 502. Consequently, admission of the conviction constitutes error.

## IV

[¶ 12] We must determine whether the district court's error warrants reversal. "[O]ur objective in reviewing non-constitutional trial error is to determine whether the error was so prejudicial that substantial injury occurred and a different decision would have resulted without the error. If not, it is 'harmless error' . . . and is not ground for reversal." *Murchison,* 541 N.W.2d at 442 (citations omitted). "Harmless error is defined as any

error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial to the defendant." *Eugene*, 536 N.W.2d at 696–97 (Levine, J., dissenting) (citation omitted).

[¶ 13] In *Murchison*, we held a trial court's erroneous admission of prior convictions was harmless error when: (1) the convictions were only mentioned briefly during cross-examination, (2) the prosecution did not embellish the convictions or ask about details, and (3) the convictions were not similar to the charged crime. 541 N.W.2d at 443. On the other hand, in *Doppler*, we held a trial court's erroneous admission of prior convictions warranted reversal when: (1) the prior convictions were mentioned twice during closing argument in a manner that implied the defendant had a propensity to commit crime, and (2) the trial court did not give a limiting instruction to the jury. 2013 ND 54, ¶¶ 16–18, 828 N.W.2d 502.

[¶ 14] In this case, the sexual assault conviction was mentioned three times during the course of the trial—once during cross-examination and twice during closing arguments. Acker's credibility had already been significantly impeached by admission of a false information to law enforcement charge, and the sexual assault conviction was similar in nature to the crime for which Acker was being tried. "Potential for prejudice is greatly enhanced when the prior offense is similar to the one for which the defendant is on trial." *Eugene*, 536 N.W.2d at 695–96. The jury may have reasoned that if Acker committed sexual assault, he was just as likely to have committed aggravated assault—i.e. it may have inferred Acker has a propensity to commit assault. The credibility of both witnesses to the alleged assault was attacked at trial. Given the conflicting testimony at trial, the number of times the conviction was mentioned, and the similarity of the offenses, we cannot say the erroneous admission of Acker's sexual assault conviction was harmless.

V

[¶ 15] We reverse the district court's judgment and remand the case for a new trial.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.