2016 ND 62

**Spencer Kerry CURTISS, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**No. 20150284.**

Supreme Court of North Dakota.

March 15, 2016.

Spencer K. Curtiss (on brief), self-represented, Bismarck, ND, petitioner and appellant.

Tessa Marie Vaagen (on brief), Burleigh County Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶1] Spencer Curtiss appeals from a district court order denying his request for relief from an order denying his application for post-conviction relief. He also appeals from an order denying his motion for reconsideration. He argues (1) the court erred when it did not consider the criminal trial transcript while ruling on his application for post-conviction relief, and (2) the court erred when it ruled on his motion for reconsideration before he was given an opportunity to respond to the State's answer. We affirm.

I

[¶2] Curtiss was charged with gross sexual imposition. A jury trial was held on December 8–9, 2010. Curtiss was represented at trial by attorney Kent Morrow. District Judge David E. Reich presided. The jury found Curtiss guilty. Curtiss appealed, arguing the evidence was insufficient to support his conviction. We affirmed in *State v. Curtiss*, 2011 ND 175, 803 N.W.2d 834.

[¶3] On September 17, 2012, Curtiss filed an application for post-conviction relief. The State filed a brief in opposition to Curtiss's application and requested a hearing. A post-conviction relief hearing was held on May 29, 2014. Curtiss appeared and was represented by attorney Lee Grossman. Judge Reich presided. The primary issue argued was whether Curtiss received ineffective assistance of trial counsel because (1) he was not able to hear the proceedings due to a hearing impairment; (2) his trial attorney did not file a motion to suppress certain evidence; and (3) his trial attorney failed to call witnesses whom allegedly could have supported an alibi defense. Curtiss testified at the post-conviction relief hearing and also called his trial attorney, Kent Morrow, to testify. No transcript of the criminal

trial was filed. The district court held Curtiss failed to show he received ineffective assistance of counsel. The court also held Curtiss failed to provide evidence to support his assertion that he was unable to hear the criminal trial proceedings. The court entered an order denying Curtiss's request for post-conviction relief on December 31, 2014.

[¶ 4] On August 6, 2015, Curtiss filed a request for relief from the December 31 order. He argued the district court erred by not considering the criminal trial transcript when it denied his application for post-conviction relief. The State filed its response on August 13, 2015. On August 19, 2015, the district court entered an order denying Curtiss's request for relief. It found:

> (1) Curtis[s] failed to provide a transcript for the court to consider; (2) he failed to raise the lack of transcript issue at his post-conviction relief hearing; and, (3) he failed to show how reliance on the transcript would have changed the court's ruling on his application.

[¶ 5] On August 31, 2015, Curtiss filed a motion for reconsideration of the August 19 order. On that same day, he also filed a response to the State's answer to his August 6 request for relief, which the court had already denied on August 19, 2015. On September 28, 2015, Curtiss appealed the court's August 19 order denying his request for relief. We remanded the case to the district court pending its decision on Curtiss's August 31 motion for reconsideration. On October 6, 2015, the court entered an order denying Curtiss's August 31 motion for reconsideration. In that same order, the court also addressed Curtiss's reply brief regarding the August 6 request for relief it had already denied. The court found:

> Rule 3.2 N.D.R.Ct. governs the time to respond to motions. Under N.D.R.Ct.

3.2(a)(2), Curtiss had seven days after service of the State's responsive brief to file a reply brief. His reply filed 18 days after the State served its responsive brief is untimely under Rule 3.2.

> However, even if the court were to consider Curtiss' reply brief, it's [sic] ruling on Curtiss' Rule 60(b) motion would not change. Notwithstanding the arguments in his reply: (1) Curtis[s] failed to provide a transcript for the court to consider; (2) he failed to raise the lack of transcript issue at his post-conviction relief hearing; and, (3) he failed to show how reliance on the transcript would have changed the court's ruling on his application. Accordingly, his Rule 60(b) motion must be DENIED and his motion for reconsideration must also be DENIED.

Curtiss now appeals from (1) the district court's August 19 order denying his request from relief. from the December 31 order denying his application for post-conviction relief, and (2) the district court's October 6 order denying his motion for reconsideration.

## II

[¶ 6] Curtiss argues (1) the district court erred when it did not consider the criminal trial transcript while ruling on his application for post-conviction relief, and (2) the court erred when it ruled on his motion for relief before he had an opportunity to respond to the State's answer.

[¶ 7] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625. "The petitioner bears the burden of establishing grounds for post-conviction relief." *Chisholm v. State*, 2015 ND 279, ¶ 7, 871 N.W.2d 595. "When we review a district court's decision in a post-conviction proceeding, questions

of law are fully reviewable." *Dominguez v. State*, 2013 ND 249, ¶ 8, 840 N.W.2d 596. *See also Keller v. State*, 2015 ND 228, ¶ 12, 869 N.W.2d 424. "The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Chisholm*, at ¶ 7. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Sambursky v. State*, 2008 ND 133, ¶ 7, 751 N.W.2d 247.

[¶ 8] "We treat motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as motions for relief from a judgment or order under N.D.R.Civ.P. 60(b)." *Greywind v. State*, 2015 ND 231, ¶ 11, 869 N.W.2d 746. "The district court may grant a party relief from a judgment or order . . . if it was the product of mistake, inadvertence, surprise, or excusable neglect. . . ." *Riak v. State*, 2015 ND 120, ¶ 14, 863 N.W.2d 894. "We will not reverse a district court's denial of a motion for reconsideration on appeal absent a manifest abuse of discretion. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Greywind*, at ¶ 12 (citations omitted).

## A

[¶ 9] Curtiss argues the district court erred when it did not consider the criminal trial transcript while ruling on his application for post-conviction relief. In its order denying Curtiss's application, the district court noted Curtiss had not filed a criminal trial transcript. Although no criminal trial transcript was filed, the criminal trial transcript was on file with the court in Curtiss's underlying criminal case. This, Curtiss asserts, means the court erred when it did not consider the criminal trial transcript because the transcript was in the court's possession.

[¶ 10] In an application for post-conviction relief, the district court is not required to review the criminal trial transcript when no transcript has been filed. Rather, the applicant in a post-conviction relief case has the burden of establishing grounds for relief. *Chisholm*, 2015 ND 279, ¶ 7, 871 N.W.2d 595 ("The petitioner bears the burden of establishing grounds for post-conviction relief."). *See also Owens v. State*, 1998 ND 106, ¶ 32, 578 N.W.2d 542 ("an indigent applicant has the constitutional right to a free trial transcript only in those instances where he shows denial of the request will deprive him of an adequate opportunity to present his claims fairly").

[¶ 11] Here, the district court held a post-conviction relief hearing and found Curtiss was not entitled to relief based on the testimony given at the hearing. Curtiss's trial attorney testified regarding his strategy for handling Curtiss's case. Curtiss testified regarding the communications he had with his trial attorney, and he also claimed he experienced hearing problems during the trial. After the hearing, the court made its decision based on the parties' briefs and the testimony given at the hearing, rather than the criminal trial transcript, which was never filed. The court did not abuse its discretion.

## B

[¶ 12] Curtiss argues the district court ruled on his motion for relief from its order denying his application before his time limit to respond to the State's answer

had expired; the State concedes this point but argues it was harmless error.

[¶ 13] Before Curtiss filed a response to the State's answer, the district court ruled on his motion for relief. Curtiss then filed a response to the State's answer and a motion to reconsider. In its order denying Curtiss's motion to reconsider, the court addressed and rejected the arguments Curtiss had made in his reply to the State's answer. The State concedes the court erred, but it argues that the error was harmless because the court, in its later order on the motion to reconsider, held Curtiss's reply would not have changed its decision. Rule 3.2, N.D.R.Ct., states "[t]he moving party may serve and file a reply brief within seven days after service of the answer brief." Curtiss filed his request for relief on August 6, 2015. The State served Curtiss with its answer on August 13, 2015. The court's order denying Curtiss's request for relief was entered six days later, on August 19, 2015. Thus, Curtiss was not allowed seven days, as required by N.D.R.Ct. 3.2, to reply to the State's answer; the district court erred.

[¶ 14] However, we conclude the error was harmless. Rule 61, N.D.R.Civ.P., provides the harmless error standard:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

*See also State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603 ("Harmless error is defined as any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial...."). The

reply Curtiss filed after the district court entered its order set forth the same arguments Curtiss made in his original motion: his rights were violated because the court did not rely on the criminal trial transcript when making its ruling. The court addressed and rejected these arguments in both its order on Curtiss's request for relief and its order on Curtiss's motion for reconsideration. We have considered his argument and rejected it as well. The error was harmless.

### III

[¶ 15] We affirm (1) the district court order denying Curtiss's request for relief from the order denying his application for post-conviction relief, and (2) the order denying Curtiss's motion for reconsideration.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.