# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 146

Cody Michael Atkins,                                                    Petitioner and Appellant

v.

State of North Dakota,                                                 Respondent and Appellee

No. 20180437

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Scott O. Diamond, Fargo, ND, for petitioner and appellant; submitted on brief.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for respondent and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]    Cody Michael Atkins appeals from a district court order denying his application for post-conviction relief.  Atkins argues the district court erred by denying his application before allowing him time to respond in accordance with N.D.R.Ct. 3.2(a)(2).  We reverse the district court order denying Atkins' application for post-conviction relief and remand for further proceedings consistent with this opinion.


I

[¶2]    In March 2015, Atkins pleaded guilty to gross sexual imposition.  Following the imposition of sentence, Atkins appealed the criminal judgment and this Court affirmed.  *State v. Atkins*, 2016 ND 13, 873 N.W.2d 676.  Atkins later filed two applications for post-conviction relief; one in March of 2016 which was dismissed, and another in September of 2016 which was dismissed and later affirmed on appeal. *Atkins v. State*, 2017 ND 290, 904 N.W.2d 738.  Additionally, Atkins filed a motion to reduce his sentence in July 2017, a motion to dismiss the GSI charge in November 2017, a motion to "vacate" his guilty plea in February 2018, and a motion for a new trial in March 2018.  The district court considered the February 2018 and March 2018 motions constituted a singular third application for post-conviction relief.  *State v. Atkins*, 2019 ND 145, ¶ 11.

[¶3]    On November 15, 2018, Atkins filed another application for post-conviction relief, the subject of this appeal, claiming 10 grounds for relief, alleging: (1) he was presented an unlawful arrest warrant; (2) he made an involuntary or coerced confession; (3) inconsistent statements made by everyone during the interrogation process; (4) the prosecution was using false evidence; (5) the sexual assault kit indicated no signs of injury; (6) law enforcement officers did not knock and announce

their presence; (7) judicial bias; (8) malicious prosecution; (9) illegal information; and (10) an illusory plea. On December 3, 2018, the State filed an answer asserting affirmative defenses of misuse of process and res judicata and moved, under N.D.R.Ct. 3.2, to dismiss the application. Four days later, on December 7, 2018, the district court issued an order denying Atkins' application for post-conviction relief, concluding Atkins was procedurally barred from raising the claims contained in his application due to the doctrines of misuse of process and res judicata.

II

[¶4] When reviewing district court orders on applications for post-conviction relief, we have stated:

> Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. This Court reviews a summary denial of an application for post-conviction relief similar to an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Delvo v. State*, 2010 ND 78, ¶ 10, 782 N.W.2d 72 (internal citations and quotations omitted). "A petitioner for post-conviction relief has the burden of establishing grounds for post-conviction relief." *Steen v. State*, 2007 ND 123, ¶ 12, 736 N.W.2d 457. We have also recognized two affirmative defenses which result in the denial of an application:

> An application for post-conviction relief may be denied under N.D.C.C. § 29-32.1-12 on grounds of res judicata or misuse of process. . . . Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding. This Court has explained that defendants are not entitled to post-conviction relief when their claims are merely variations of previous claims that have been rejected.

*Id.* at ¶ 13 (internal citations and quotations omitted).

III

[¶5]    Rule 3.2, N.D.R.Ct., applies to all motion practices in the absence of a conflicting governing rule. *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608. Rule 3.2(a)(2), N.D.R.Ct., provides that a party opposing a motion "must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers." In *Ourada v. State*, 2019 ND 10, ¶ 6, 921 N.W.2d 677, we held that once the State responded to an application for post-conviction relief and the district court treated that response as a motion to dismiss, the applicant was required to receive notice and an opportunity to be heard prior to dismissal. We relied on N.D.R.Ct. 3.2 which also provides that notice must accompany a motion. *Id*. at ¶ 5. Unlike the applicant in *Ourada*, Atkins did receive notice of the State's motion to dismiss but was not afforded time to reply. *See Chisholm v. State*, 2014 ND 125, ¶ 18, 848 N.W.2d 703 (petitioner entitled to notice that his application could be summarily dismissed and an opportunity to file an answer brief).

[¶6]    Here, the State answered Atkins' application by asserting the defenses of misuse of process and res judicata, and moved to dismiss. Section 29-32.1-12(3), N.D.C.C., providing for the affirmative defenses of res judicata and misuse of process, states:

> Res judicata and misuse of process are affirmative defenses to be pleaded by the state. The burden of proof is also upon the state, but, as to any ground for relief which, by statute or rule of court, must be presented as a defense or objection at a specified stage of a criminal prosecution, the applicant shall show good cause for noncompliance with the statute or rule.

"A defendant filing a subsequent application for postconviction relief does not misuse the process if he or she establishes an excuse, such as newly discovered evidence, that could not have been raised in the first postconviction relief application." *Myers v. State*, 2017 ND 66, ¶ 9, 891 N.W.2d 724; *see also Garcia v. State*, 2004 ND 81, ¶ 22, 678 N.W.2d 568 (holding misuse of process applies when defendant fails to show an excuse why his claims could not have been raised in his first application for post-conviction relief). Because the district court ruled before Atkins had the opportunity

3

to respond to the State's assertion of affirmative defenses, he could not show good cause for noncompliance with N.D.C.C. § 29-32.1-12(1) or (2). *See* 39 Am. Jur. 2d *Habeas Corpus* § 186 (2019) ("The government bears the initial burden of pleading abuse of the writ, after which the post-conviction petitioner bears the burden to disprove abuse."). We conclude Atkins should have had 14 days to respond to the State's motion to dismiss consistent with N.D.R.Ct. 3.2(a)(2).

IV

[¶7]    Accordingly, we reverse the district court's order and remand to permit Atkins to respond to the State's motion in accordance with N.D.R.Ct. 3.2 (a)(2).

[¶8]    Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Gary H. Lee, D.J.
        Gerald W. VandeWalle, C.J.

[¶9]    The Honorable Gary H. Lee, D.J., sitting in place of Jensen, J., disqualified.