# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 28

Byron Whetsel,                                        Petitioner and Appellant

v.

State of North Dakota,                               Respondent and Appellee

## No. 20200262

Appeal from the District Court of Ransom County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers and Tufte joined. Justice Crothers filed a concurring opinion, in which Chief Justice Jensen and Justice Tufte joined. Justice McEvers filed a dissenting opinion, in which Justice VandeWalle joined.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant; submitted on brief.

Fallon M. Kelly, State's Attorney, Lisbon, ND, for respondent and appellee; submitted on brief.

# Whetsel v. State
## No. 20200262

**Jensen, Chief Justice.**

[¶1]   Byron Whetsel appeals from an order denying his petition for post-conviction relief. Because the district court summarily dismissed Whetsel's application subsequent to the State filing a response to the application without allowing Whetsel an opportunity to reply to the State's assertions, and in the absence of a pending motion by the State, we reverse and remand.

I

[¶2]   In 2017, a jury convicted Whetsel of murder, a class AA felony, and two counts of child neglect or abuse, class B and class C felonies. Whetsel appealed the criminal judgment and this Court summarily affirmed the convictions. *State v. Whetsel*, 2017 ND 237, 902 N.W.2d 924.

[¶3]   On December 5, 2017, Whetsel applied for post-conviction relief, alleging ineffective assistance of counsel. The district court denied the application for post-conviction relief. On appeal, this Court summarily affirmed. *Whetsel v. State*, 2019 ND 237, 933 N.W.2d 466.

[¶4]   Whetsel filed a second application for post-conviction relief on September 8, 2020, alleging the jury was improperly instructed on mens rea for the murder charge. The State filed an answer on September 9, 2020, claiming the jury instructions correctly stated the mens rea for the offense. The State filed a supplemental reply on September 10, 2020, arguing the application for post-conviction relief was not filed within two years after his criminal case became final, as required by N.D.C.C. § 29-32.1-01(2). On September 15, 2020, the district court summarily dismissed Whetsel's second post-conviction application finding the application untimely under the provisions of N.D.C.C. § 29-32.1-01(2) and (3).

II

[¶5]   Whetsel argues the district court erred in summarily dismissing his application without providing him an opportunity to respond to the allegations

contained in the State's responsive pleadings. Before addressing Whetsel's claim he was provided insufficient time to respond to the State's assertions, we note the absence of any request by the State for summary dismissal. Section 29-32.1-09(1), N.D.C.C., provides: "The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state." Once the State has responded, sua sponte summary disposition by the court is no longer available, and the State is required to move for summary disposition. While we have liberally construed what is required for the State to move for summary disposition, *Delvo v. State*, 2010 ND 78, 782 N.W.2d 72 (construing an answer containing a request for summary disposition, without an actual motion for summary disposition, as sufficient to require the applicant to respond and be "put to his or her proof"), we have not extended our holding in *Delvo* to eliminate at least the barest request for summary dismissal. In this case, the State's responsive pleading does not contain any request for summary dismissal. However, Whetsel's assertion on appeal was limited to the denial of his opportunity to respond.

[¶6]   This Court has applied N.D.R.Ct. 3.2 to set the response time afforded an applicant subsequent to a request by the State for summary dismissal of an application for post-conviction relief. *Atkins v. State*, 2019 ND 146, ¶ 5, 928 N.W.2d 438. Rule 3.2(a)(2), N.D.R.Ct., provides that a party opposing a motion "must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers." Here, the district court ruled five days after the State filed its supplemental reply to the application and six days after its initial reply to the application. Even if we construe the State's responsive pleading as a motion for summary dismissal, Whetsel was deprived of an opportunity to respond as provided by N.D.R.Ct. 3.2(a)(2). Regardless of the merits of his claims, our rules provide Whetsel with a fourteen-day window to respond to a request for dismissal of his application; the denial of his right to respond is a violation of N.D.R.Ct. 3.2(a)(2). We conclude the court erred in prematurely ruling.

2

## III

[¶7]   Having concluded the district court erred, our next step is to determine whether the mistake was prejudicial. This Court's standard for harmless error provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

N.D.R.Civ.P. 61. Harmless error is "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial . . . ." *State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603.

[¶8]   This Court has recently held that "[u]nless clear from the record that any response a party could make would be futile, justice requires a party be granted the opportunity to respond as required under N.D.R.Ct. 3.2." *Davis v. Davis*, 2021 ND 24, ¶ 9. As noted by Justice Crothers in the special concurrence, "[a]bsent the parties' compliance with the requirements of N.D.R.Ct. 3.2, this Court should conclude a request for relief was not ripe for consideration by the district court. *See* N.D.R.Ct. 3.2(a)(2) ("Upon the filing of briefs, or upon the expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion.")." *Special Concurrence*, at ¶ 5. The appropriate remedy is to reverse and remand to provide Whetsel with an opportunity to respond.

[¶9]   The district court summarily dismissed the application for post-conviction relief after the State had responded to the application without a request for summary disposition by the State and without providing Whetsel the required opportunity to respond even if the State had properly requested summary disposition. We reverse and remand this case for further proceedings consistent with this opinion.

[¶10] Jon J. Jensen, C.J.

Daniel J. Crothers

Jerod E. Tufte

**Crothers, Justice, concurring specially.**

[¶11] I agree with the majority opinion and have signed it. That opinion cites *Delvo v. State*, 2010 ND 78, 782 N.W.2d 72, a case in which a majority of this Court construed an answer containing a request for summary disposition, without an actual motion, as sufficient to put the applicant to her proof and required a response. I dissented in *Delvo* and argued that a motion should be required instead of allowing the State to bury its request for summary disposition in the State's responsive pleading. *Id.* at ¶¶ 34-35. Since the *Delvo* decision, this Court has had many cases where the State has not filed a proper motion, no notice of motion was served and filed under N.D.R.Ct. 3.2, and the district court often ruled prematurely before allowing the post-conviction relief applicant sufficient time to respond. *See, e.g., State v. Jensen*, 2020 ND 31, ¶¶ 4, 6, 939 N.W.2d 1 ("the district court misapplied the law in denying Jensen an opportunity to respond under N.D.R.Ct. 3.2(a)(2)"); *Chisholm v. State*, 2020 ND 19, ¶ 25, 937 N.W.2d 520 (Crothers, J., concurring specially) ("Both before and since *Delvo*, the State's failure in post-conviction relief proceedings to serve and file a separate motion has caused considerable extra work for the litigants, the district courts and this Court. *See, e.g., Burden v. State*, 2019 ND 178, 930 N.W.2d 619 and the cases cited therein. That extra work would be greatly reduced if not eliminated by requiring the State, consistent with all other civil proceedings, to file a motion and brief identifying the grounds for relief and citing support for that relief. *Id.* at ¶ 10 ('We have said post-conviction proceedings are civil in nature and the rules and statutes applicable to civil proceedings are applicable to those proceedings.'); N.D.R.Civ.P. 7(b)(1) ('A request for a court order must be made by motion.'); N.D.R.Ct. 3.2(a)(1) [motions] and 3.2(a)(2) [briefs]."); *Burden,* at ¶ 19 (order dismissing post-conviction relief application reversed due to prematurely ruling on State's motion); *State v. Vogt*, 2019 ND 236, ¶¶ 9-10, 933 N.W.2d 916 (district court's dismissal of petitioner's post-conviction relief application on its own motion was inappropriate because he was not provided notice and an opportunity to

4

be heard under N.D.R.Ct. 3.2); *Cody v. State*, 2017 ND 29, ¶ 22, 889 N.W.2d 873 ("I have disagreed with a majority of this Court about what the State must do to put an applicant to his proof. [*See Delvo*, at ¶ 22] (Crothers, J., dissenting) ('Here, the legal effect of the majority's decision is that Delvo was put to her proof by nothing more than allegations in the State's answer.')"); *Curtiss v. State*, 2016 ND 62, ¶ 13, 877 N.W.2d 58; ("Curtiss was not allowed seven days, as required by N.D.R.Ct. 3.2, to reply to the State's answer; the district court erred.").

[¶12] I renew my *Delvo* dissent here because the predictable process expected in a civil case is being displaced by proceedings where the applicant and the court are left in the dark. As a result, the applicant and the court often do not know that a "motion" has been made or should be deemed pending. Even if the State's answer passes as a legitimate request for relief, without a brief the applicant and the court often are left to guess what the basis is for the relief requested in the motion. Absent a brief and a N.D.R.Ct. 3.2 notice of motion, the applicant also does not know when a response is due, and the court and court staff do not know when the motion is ripe for consideration.

[¶13] Although my exact concern in *Delvo* is not present here because the State did not request dismissal in its answer or otherwise (majority opinion, ¶ 5) I renew my *Delvo* dissent because the lack of a formal motion practice appears to be conditioning courts to act informally, and in many cases prematurely, in post-conviction relief matters. The result here is a prime example.

[¶14] To restore regularity to post-conviction relief proceedings, this Court should insist that the parties follow the same rules of procedure applicable to all civil proceedings. I therefore urge uniform requirements in post-conviction relief proceedings that:

- A party seeking affirmative relief be required to make a motion. See N.D.R.Civ.P. 7(b)(1) (An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought.);

- A party making a motion be required to provide notice of that motion. See N.D.R.Ct. 3.2(a)(1) ("Notice must be served and filed with a motion. The notice must indicate the time of oral argument, or that the motion will be decided on briefs unless oral argument is timely requested.");

- A party making a motion be required to serve and file a brief explaining the basis for the requested relief. See N.D.R.Ct. 3.2(a)(2) ("Upon serving and filing a motion, the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers.").

[¶15] Absent the parties' compliance with the requirements of N.D.R.Ct. 3.2, this Court should conclude a request for relief was not ripe for consideration by the district court. *See* N.D.R.Ct. 3.2(a)(2) ("Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion."). On any appeal from a district court's dispositive action where the requirements of N.D.R.Ct. 3.2 were not followed, we should summarily reverse unless it is clear from the record that any response a party could make would be futile. N.D.R.App.P. 35.1(b) ("In any case in which the court determines after argument, unless waived, that a previous controlling appellate decision is dispositive of the appeal, the court may reverse by an opinion citing this rule and the controlling appellate decision."); *Davis v. Davis*, 2021 ND 24, ¶ 12, ("Unless clear from the record that any response a party could make would be futile, justice requires a party be granted the opportunity to respond as required under N.D.R.Ct. 3.2.").

[¶16] Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen, C.J.

6

**McEvers, Justice, dissenting.**

[¶17] I respectfully dissent. I agree with the majority that the district court erred in prematurely ruling. Majority, at ¶ 6. I am also troubled by the rising number of cases where the court is ruling without giving a party an opportunity to respond. See *Davis v. Davis*, 2021 ND 24, ¶ 9. Here, the court did not give Whetsel an opportunity to respond to the State's reply. Nevertheless, because any response Whetsel would have made would have been futile, any error is harmless, and I would affirm.

[¶18] In Whetsel's application for post-conviction relief, he alleged only one ground for relief, arguing the jury instructions were improper. The State responded, arguing in part, that the application was filed after the two-year limitation period. Under N.D.C.C. § 29-32.1-01(2), an application for relief must be filed within two years of the date the conviction becomes final. There are three exceptions to this time limit, as provided in N.D.C.C. § 29-32.1-01(3), none of which were alleged by Whetsel in his application. Whetsel's conviction was final in late 2017 and his application was filed in September 2020, which is clearly beyond the two-year limitation period.

[¶19] Whetsel has no right to post-conviction relief if his application is untimely. As provided in N.D.R.Civ.P. 61, "[u]nless justice requires otherwise, no error . . . by the court or a party, is ground for . . . disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors or defects that do not affect any party's substantial rights." It is form over substance to send this case back to the district court to give Whetsel an opportunity to respond when his application is untimely. On these facts, justice does not require reversal.

[¶20] Lisa Fair McEvers
Gerald W. VandeWalle