# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 24

| | |
|---|---|
| Tracy Dawn Davis, | Plaintiff and Appellee |
| v. | |
| Cory Daniel Davis, | Defendant and Appellant |
| and | |
| State of North Dakota | Statutory Real Party in Interest |

## No. 20200162

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Lonnie Olson, Judge.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Crothers, Justice.

Jacey L. Johnston, Grand Forks, ND, for plaintiff and appellee.

Christene A. Reierson, Minot, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1] Cory Davis appeals from a district court order denying his motion for Rule 60(b), N.D.R.Civ.P., relief from a judgment. He argues the court erred in denying his motion for relief because the judgment was entered prior to the expiration of his time to respond under N.D.R.Ct. 3.2(a). We reverse and remand with instructions to vacate the default judgment and provide Cory Davis an opportunity to respond consistent with N.D.R.Ct. 3.2(a)(2).

I

[¶2] In September of 2019 Tracy Davis served Cory Davis with a summons and complaint for divorce. Cory Davis did not prepare or serve a formal answer. On October 14, 2019, the district court issued an order for mediation. The parties attended mediation without final resolution of their case. After a family mediation closing form was filed the court issued a Rule of Court 8.3 scheduling order and notice of bench trial for January 23, 2020.

[¶3] On December 13, 2019, Tracy Davis filed a motion for default judgment. That same day she served Cory Davis with the motion by mail. On December 23, 2019, the district court issued an order granting default judgment, along with judgment by default. On January 8, 2020, Cory Davis filed an answer and counterclaim, notice of motion for relief from judgment, and brief in support of motion for Rule 60 relief. Cory Davis argued he did not receive the time required under N.D.R.Ct. 3.2 to respond to Tracy Davis's motion for default judgment. Tracy Davis objected to Cory Davis's request for relief. A hearing on Cory Davis's motion for relief was held March 19, 2020. The court denied the motion for Rule 60(b) relief on May 26, 2020, finding that while it granted default judgment early, the mistake was harmless because Cory Davis "did not respond in a timely manner even had the timeline been scrupulously followed." Cory Davis appeals from that order.

II

A

[¶4]   Cory Davis argues the district court erred in denying his motion for relief under Rule 60(b) because the court issued a judgment on Tracy Davis's motion for default before his time to respond expired. Tracy Davis claims Cory Davis's motion fails to establish mistake, inadvertence, surprise, or excusable neglect sufficient to disturb the finality of the judgment. She also argues that even if the court's entry of judgment was in error, that error was harmless and does not require reversal.

[¶5]   "The standard of review for motions under Rule 60(b) is abuse of discretion." *Nieuwenhuis v. Nieuwenhuis*, 2014 ND 145, ¶ 10, 851 N.W.2d 130. An abuse of discretion is an arbitrary, or unconscionable attitude on the part of the trial court. *Id*. An abuse of discretion occurs when the court's decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *State v. Jensen*, 2020 ND 31, ¶ 4, 939 N.W.2d 1.

[¶6]   Rule 3.2(a)(2), N.D.R.Ct., provides that upon serving and filing a motion, the moving party must serve and file a brief, and the opposing party must have 14 days after service to serve and file an answer. The same section states: "Upon the filing of briefs, or upon the expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion." *Id*. "Whenever a party must or may act within a prescribed period after service and service is made by mail . . . three days are added after the prescribed period would otherwise expire under N.D.R.Civ.P. 6(a)." N.D.R.Civ.P. 6(e)(1).

[¶7]   The failure to provide a non-moving party the allotted time to respond is a misapplication of law constituting an abuse of discretion. *Jensen*, 2020 ND 31, ¶ 6. In *Jensen*, the defendant moved to correct his sentence, arguing he was

entitled to credit for time spent incarcerated between his arrest and sentencing. *Id*. at ¶ 3. The State filed an answer and the district court denied Jensen's motion for relief the following day. *Id*. On appeal, Jensen argued the court abused its discretion by denying him an opportunity to respond under N.D.R.Ct. 3.2(a)(2). *Id*. at ¶ 4. This Court held "[b]ecause the time to reply had not expired, the motion was not yet submitted to the court under N.D.R.Ct. 3.2(a)(2)." *Id*. at ¶ 6. Therefore, the district court's premature ruling on the motion was a misapplication of law, and we reversed and remanded to provide Jensen an opportunity to respond within the time provided under Rule 3.2(a)(2). *Id*.

[¶8]   Here, Tracy Davis filed her motion for default judgment on December 13, 2019, and served Cory Davis by mail that same day. Because Cory Davis was actually served with the motion and notice that he had the time provided under N.D.R.Ct. 3.2 to respond, we need not address whether his earlier activities in the case constituted an appearance under N.D.R.Civ.P. 55(a). Rather, the notice and mailing triggered the 14 day, plus three day period for him to respond.

[¶9]   The district court here granted Tracy Davis's motion for default on December 23, 2019, seven days before Cory Davis's time to respond expired. This Court's holding in *Jensen* establishes the bright-line rule that the failure to provide a non-moving party the allotted time to respond under Rule 3.2(a)(2) is a legal error. Although the types of motions in this case and in *Jensen* are different, the rule announced in *Jensen* related to application of Rule 3.2 and is equally applicable here.

B

[¶10] Because the district court erred, the next step is to determine whether the mistake was prejudicial. This Court's standard for harmless error provides:

> "Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is

3

> ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

N.D.R.Civ.P. 61. Harmless error is "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial . . . ." *State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603.

[¶11] This Court has seen a rising number of cases where a district court erred by deciding motions before a party had an opportunity to respond. *See, e.g., State v. Jensen*, 2020 ND 31, ¶¶ 4, 6, 939 N.W.2d 1 ("the district court misapplied the law in denying Jensen an opportunity to respond under N.D.R.Ct. 3.2(a)(2)"); *Burden v. State*, 2019 ND 178, ¶ 19, 930 N.W.2d 619 (order dismissing post-conviction relief application reversed due to prematurely ruling on State's motion); *Curtiss v. State*, 2016 ND 62, ¶ 13, 877 N.W.2d 58 ("Curtiss was not allowed seven days, as required by N.D.R.Ct. 3.2, to reply to the State's answer; the district court erred."). When a party cannot respond or otherwise reply to a motion, we usually have nothing to review to determine whether a party's substantial rights were affected because no record was made.

[¶12] Under N.D.R.Ct. 3.2(a)(3), if a party timely serves and files a brief, requests oral argument and secures a time for a hearing, the request must be granted. We expect the parties and the courts to follow the rules. *See McCullough v. Swanson*, 245 N.W.2d 262, 265 (N.D. 1976) ("The rules must be treated respectfully, otherwise they would be considered as only advisory. Even then, if compliance is not required there would be no reason for having the rule. If we, in our discretion, were to disregard the rules without justification the ends of justice would not be promoted."). Unless clear from the record that any response a party could make would be futile, justice requires a party be

granted the opportunity to respond as required under N.D.R.Ct. 3.2. From this, we conclude the district court here abused its discretion in denying Cory Davis relief under Rule 60(b).

## III

[¶13] We reverse the district court's order denying Cory Davis's motion for relief from judgment and remand with instructions to vacate the default judgment and provide Cory Davis an opportunity to respond to Tracy Davis's motion for default judgment consistent with N.D.R.Ct. 3.2(a)(2).

[¶14] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte