Corrected Opinion Filed 3/4/21 by Clerk of the Supreme Court

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 37

Rodney Harold Friesz,  Petitioner and Appellant

v.

State of North Dakota,  Respondent and Appellee

### No. 20200169

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice, in which Justices VandeWalle, Crothers, McEvers, and Tufte joined. Justice Crothers filed a concurring opinion, in which Chief Justice Jensen joined. Justice McEvers filed a concurring opinion, in which Justice VandeWalle joined.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Gabrielle J. Goter, Assistant State's Attorney, Mandan, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   Rodney Harold Friesz appeals from a district court order denying his application for post-conviction relief. The court summarily dismissed Friesz's application subsequent to receiving a request for dismissal from the State, but prior to the expiration of time allowed for Friesz to respond. Because N.D.C.C. § 29-32.1-09(1) and N.D.R.Ct. 3.2 allow Friesz an opportunity to respond, we reverse and remand.

I

[¶2]   In October 2014, Friesz was charged with murder, a class AA felony, and arson, a class B felony. A jury trial was held in February 2016 and Friesz was found guilty of manslaughter and arson, both class B felony offenses. Friesz appealed the case asserting insufficient evidence to support the conviction, and the court erred denying his motion to suppress. This Court affirmed the conviction and remanded with instructions for the district court to correct a clerical error in the criminal judgment. *State v. Friesz*, 2017 ND 177, 898 N.W.2d 688.

[¶3]   On May 2, 2018, Friesz filed his first application for post-conviction relief. Friesz argued: his conviction was based on a coerced confession; the evidence admitted was obtained by an unlawful search and seizure; his arrest was unlawful; he was denied the right to call witnesses to testify on his behalf; the State failed to disclose certain evidence; he was denied effective assistance of counsel; and he was denied his right to appeal. The district court denied his application and this Court summarily affirmed the denial of the application. *Friesz v. State*, 2020 ND 2, 937 N.W.2d 285.

[¶4]   On May 1, 2020, Friesz filed a second application for post-conviction relief. Friesz alleged: ineffective assistance of trial counsel; denial of effective assistance of counsel on his post-conviction appeal with appellate counsel; insufficiency of evidence to sustain a conviction; denial of his fourth amendment rights regarding the warrantless search of the residence, the

seizure of a firearm, and the failure of the court to grant his motion to suppress; and failure to disclose evidence by the prosecution. On June 1, 2020, the State requested summary dismissal contending the application was untimely in that it was filed more than two years after Friesz's conviction became final. The State argued that under N.D.C.C. § 29-32.1-09(1), Friesz failed to state a ground for post-conviction relief and that his claims either were or could have previously been raised and are barred by res judicata. The State also filed an answer to the application the same day as the request for summary dismissal.

[¶5] On June 3, 2020, two days after the State's request for summary dismissal, the district court dismissed Friesz's application after finding the two-year statute of limitations in N.D.C.C. § 29-32.1-01(2) barred the relief requested by Friesz and the application did not state any exceptions to the limitations period listed in N.D.C.C. § 29-32.1-01(3). The court found all grounds for relief asserted by Friesz had been or could have been raised in his direct appeal from his conviction or in his previous application for post-conviction relief.

II

[¶6] Friesz argues, in part, the district court acted prematurely in dismissing his application two days after the State's request for dismissal and prior to receiving a response from him. This Court has applied N.D.R.Ct. 3.2 to set the response time afforded an applicant subsequent to a request by the State for summary dismissal of an application for post-conviction relief. *Atkins v. State*, 2019 ND 146, ¶ 5, 928 N.W.2d 438. Rule 3.2(a)(2), N.D.R.Ct., provides that a party opposing a motion "must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers." Here, the court ruled on the State's request just two days after the request was made, depriving Friesz of an opportunity to respond as provided by N.D.R.Ct. 3.2(a)(2). Regardless of the merits of his claims, Rule 3.2(a)(2) provides Friesz with a fourteen-day window to respond to the State's request for dismissal of his application. We conclude the court erred in its premature ruling.

2

## III

[¶7]   Having concluded the district court erred, our next step is to determine whether the mistake was prejudicial. This Court's standard for harmless error provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

N.D.R.Civ.P. 61. Harmless error is "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial . . . ." *State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603.

[¶8]   This Court has recently held that "[u]nless clear from the record that any response a party could make would be futile, justice requires a party be granted the opportunity to respond as required under N.D.R.Ct. 3.2." *Davis v. Davis*, 2021 ND 24, ¶ 9. As noted by Justice Crothers in the special concurrence, "[a]bsent the parties' compliance with the requirements of N.D.R.Ct. 3.2, this Court should conclude a request for relief was not ripe for consideration by the district court. *See* N.D.R.Ct. 3.2(a)(2) ('Upon the filing of briefs, or upon the expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion.')." Special Concurrence, at ¶ 14. The appropriate remedy is to reverse and remand to provide Friesz with an opportunity to respond.

## IV

[¶9]  The State argues there is a statutory distinction between a first application and subsequent applications, and because this was a second application, the district court could summarily dismiss on its own motion despite the State having filed a response to the application. In distinguishing between a first application and subsequent applications, the State initially

notes the language of N.D.C.C. § 29-32.1-09(1) which provides: "The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state." The State argues the foregoing language applies only to a first application and the following language of N.D.C.C. § 29-32.1-09(1) governs subsequent applications: "The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case." The State contends the absence of the limiting language "before any response by the state" from the reference to subsequent applications allows the court to summarily dismiss a subsequent application on its own motion even when the State has responded.

[¶10] This Court has previously reversed the summary dismissal of a subsequent application following the State's response and before the applicant had been provided with fourteen days to respond. *Atkins*, 2019 ND 146. In *Atkins,* we reversed the summary dismissal of a fourth application for post-conviction relief where the district court acted after the State had responded to the application and before the expiration of the fourteen-day response period provided by N.D.R.Ct. 3.2(a)(2). *Id.* at ¶¶ 5-7. The State's argument is contrary to this Court's prior application of N.D.R.Ct. 3.2(a)(2). We decline the State's invitation to modify our precedent on the application of Rule 3.2.

V

[¶11] The district court summarily dismissed Friesz's application for post-conviction relief after the State had responded but prior to the expiration of the time for a response by Friesz. We reverse and remand.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

4

**Crothers, Justice, concurring specially.**

[¶13] I agree with the majority opinion and have signed it. I concur specially consistent with positions I have articulated in *Whetsel v. State,* 2021 ND 28, ¶¶ 11-15 (Crothers, concurring specially), and *Davis v. Davis*, 2021 ND 24, ¶ 12 (Crothers, concurring specially).

[¶14] I write separately to emphasize the following:

> "Absent the parties' compliance with the requirements of N.D.R.Ct. 3.2, this Court should conclude a request for relief was not ripe for consideration by the district court. *See* N.D.R.Ct. 3.2(a)(2) ('Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion.'). On any appeal from a district court's dispositive action where the requirements of N.D.R.Ct. 3.2 were not followed, we should summarily reverse unless it is clear from the record that any response a party could make would be futile. N.D.R.App.P. 35.1(b) ('In any case in which the court determines after argument, unless waived, that a previous controlling appellate decision is dispositive of the appeal, the court may reverse by an opinion citing this rule and the controlling appellate decision.'); *Davis v. Davis*, 2021 ND 24, ¶ 12, ('Unless clear from the record that any response a party could make would be futile, justice requires a party be granted the opportunity to respond as required under N.D.R.Ct. 3.2.')."

*Whetsel*, 2021 ND 28, ¶ 15.

[¶15] Daniel J. Crothers
Jon J. Jensen, C.J.

**McEvers, Justice, concurring specially.**

[¶16] I agree with the majority that the district court erred in prematurely ruling. Majority, at ¶ 6. I am also troubled by the rising number of cases where the court is ruling without giving a party an opportunity to respond. *See Davis v. Davis*, 2021 ND 24, ¶ 11. Here, the court did not give Friesz an opportunity to respond to the State's answer and motion for summary judgment.

5

[¶17] I write separately to explain the difference between this case, and *Whetsel v. State*, 2021 ND 28. In *Whetsel*, I dissented because under the facts of that case I believed the premature dismissal of an application for post-conviction was harmless where the application was beyond the two-year limitation period and referenced none of the exceptions to the statute of limitations. *Id.* at ¶¶ 17-19 (McEvers, dissenting).

[¶18] Unlike *Whetsel*, where the only allegation was about a jury instruction, Friesz's application for post-conviction relief alleged eight separate grounds for relief, including an allegation that DNA evidence was not disclosed by the police. Friesz requested counsel, and counsel was appointed. His attorney requested discovery from the State prior to the State moving for summary judgment. While the application for post-conviction relief did not mention on its face an allegation of "newly discovered" evidence, Friesz did allege the police withheld DNA evidence, raising an inference that there was or may be evidence to be discovered. Under these circumstances, I cannot say that his application for post-conviction relief was necessarily futile, therefore, I too conclude the district court's error is not harmless. While the alleged evidence may not ultimately meet the requirement under N.D.C.C. § 29-32.1-01(3)(1), Friesz should be given the opportunity to respond as to why his application is not beyond the two-year limitation period.

[¶19] Lisa Fair McEvers
     Gerald W. VandeWalle