# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 98

Jennifer Marie Gwilliams,

Plaintiff and Appellant

v.

Terry Lynn Gwilliams,

Defendant and Appellee

## No. 20220149

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Lacey R. Garrison (argued) and Adam P. Richard (on brief), Fargo, ND, for plaintiff and appellant.

Thomas R. George (argued) and Krista L. Andrews (on brief), Fargo, ND, for defendant and appellee.

## Gwilliams v. Gwilliams
## No. 20220149

**McEvers, Justice.**

[¶1] Jennifer Gwilliams appeals from a district court order denying her motion for N.D.R.Civ.P. 60(b) relief from a divorce judgment. She also appeals from an order denying her motion for contempt and granting Terry Gwilliams' motion to stay enforcement of the judgment pending disposition of this appeal. We affirm.

[¶2] Jennifer Gwilliams argues her appeal divested the district court of jurisdiction to enter the stay. We disagree. Whether to stay enforcement of a judgment pending appeal is a collateral matter within the district court's jurisdiction. *See* N.D.R.App.P. 8(a)(1)(A) (a party must ordinarily move first in the district court for a stay of the judgment pending appeal); N.D.R.Civ.P. 62(b) (a party may obtain a stay after judgment is entered by providing a bond or other security); *Holkesvig v. Grove*, 2014 ND 57, ¶ 16, 844 N.W.2d 557 (district courts retain jurisdiction to decide matters that arise subsequent to the judgment and are collateral to the issues on appeal); *Verry v. Murphy*, 163 N.W.2d 721, 725 (N.D. 1968) ("The stay of an execution upon appeal is an independent and collateral proceeding[.]"); *Bonde v. Stern*, 8 N.W.2d 457, 461 (N.D. 1943) ("The district court does not become shorn of power in a stay proceeding when an appeal is taken from the order or judgment the execution or performance of which is sought to be stayed.")

[¶3] Jennifer Gwilliams also argues the district court abused its discretion when it denied her motion for N.D.R.Civ.P. 60(b) post-judgment relief and her motion for contempt. We summarily affirm under N.D.R.App.P. 35.1(a)(4). *See Davis v. Davis*, 2021 ND 24, ¶ 5, 955 N.W.2d 117 ("The standard of review for motions under Rule 60(b) is abuse of discretion."); *Canerdy v. Canerdy*, 2022 ND 61, ¶ 8, 971 N.W.2d 873 ("We will not disturb a district court's contempt determination unless the court abused its discretion.")

[¶4]   Terry Gwilliams argues the appeal is frivolous and requests we award sanctions on appeal. We decline to do so. The district court's orders are affirmed.

[¶5]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr